FILED
2005 DEC -5 AM 9:00
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

FILED
2005 NOV 35 AM 8:57
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 05-91855 |
| | ) | |
| JONATHAN E. WILSON, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## MEMORANDUM OF OPINION

Before the Court is the United States Trustee's motion (Docket #5) for an order pursuant to 11 U.S.C. § 110(h) reviewing the fees charged by Ratonya Stewart as a bankruptcy petition preparer and requiring that the fees be disgorged. The U.S. Trustee's sole stated reason for requesting the disgorgement of fees is the petition preparer's acceptance of compensation from the debtor before the debtor had completed his payment of filing fees in installments, purportedly in violation of Rule 1006(b)(3) of the Federal Rules of Bankruptcy Procedure. As explained more fully below, this purported violation stems from a misinterpretation of Rule 1006(b)(3). Accordingly, the U.S. Trustee's motion is denied.

## BACKGROUND

Debtor filed his petition under Chapter 7 of the Bankruptcy Code on October 13, 2005. Accompanying the petition was an application to pay the $209 filing fee in installments (Docket #4) and a disclosure of compensation of bankruptcy petition preparer (Docket #3). The disclosure indicates that Ratonya

Stewart received $150 from the debtor in full payment of Stewart's services as a petition preparer. On October 21, 2005, the Court issued an order granting the application to pay filing fee in installments (Docket #8), and the debtor has now paid his filing fee in full.

On October 19, 2005, the U.S. Trustee filed a motion (Docket #5) for an order pursuant to 11 U.S.C. § 110(h) reviewing the fees charged by Stewart as a bankruptcy petition preparer and requiring that the fees be disgorged. The sole reason for the disgorgement of fees is the petition preparer's acceptance of payment from the debtor before the debtor had completed his payment of filing fees in installments, purportedly in violation of Rule 1006(b)(3) of the Federal Rules of Bankruptcy Procedure.

## DISCUSSION

The version of Rule 1006 of the Federal Rules of Bankruptcy Procedure applicable to cases filed before October 17, 2005, provides in pertinent part:

> *(b) Payment of Filing Fee in Installments*
> *(1) Application for Permission To Pay Filing Fee in Installments.* A voluntary petition by an individual shall be accepted for filing if accompanied by the debtor's signed application stating that the debtor is unable to pay the filing fee except in installments. The application shall state the proposed terms of the installment payments and that the applicant has neither paid any money nor transferred any property to an attorney for services in connection with the case.
> . . . .

2

*(3) Postponement of Attorney's Fees.* The filing fee must be paid in full before the debtor or chapter 13 trustee may pay an attorney or any other person who renders services to the debtor in connection with the case.

The version of Official Form 3 applicable to cases filed before October 17, 2005, is also relevant because its purpose is to implement Rule 1006. *See* Fed. R. Bankr. P. 9009. The version of Official Form 3 applicable to this case is entitled "Application to Pay Filing Fee in Installments," and the form requires the debtor to certify that he or she "[has] not paid any money or transferred any property to an attorney for services in connection with this case and that [he or she] will neither make any payment nor transfer any property for services in connection with this case until the filing fee is paid in full." The Advisory Committee Notes regarding the 1997 amendments of Official Form 3 explain:

> The language of the form also has been changed to conform to Rule 1006 and to clarify that a debtor is not disqualified from paying the filing fee in installments because the debtor has paid money to a bankruptcy petition preparer.

Official Form 3 also requires a petition preparer to certify that he or she "will not accept money or any other property from the debtor before the filing fee is paid in full." This required certification implements the language of subdivision (b)(3) of Rule 1006, cited above. The Advisory Committee Notes from the 1987

3

amendments to subdivision (b)(3) state:

> **Subdivision (b)(3)** is expanded to prohibit payments by the debtor or the chapter 13 trustee not only to attorneys but to any person who renders services to the debtor in connection with the case.

While these provisions of Rule 1006 and Official Form 3 may appear to be inconsistent regarding whether a petition preparer can accept money prior to a debtor fully paying his or her filing fee, the Court believes there is a plain reading of subdivisions (b)(1) and (b)(3) that harmonizes Rule 1006, Official Form 3, and the Advisory Committee Notes. Under a plain reading of Rule 1006, subdivisions (b)(1) and (b)(3) refer to different time periods. Subdivision (b)(1) governs the time *before* the filing of the fee application. It says nothing about payments to petition preparers. On the other hand, it expressly prohibits eligibility for payment in installments if the debtor has paid an attorney. Subdivision (b)(3), on the other hand, governs the time *after* the fee application is granted. It says that the filing fee must be paid in full before the debtor or Chapter 13 trustee may pay an attorney or anyone else providing services to the debtor. In other words, under subdivision (b)(1) only debtors *who have paid attorneys* are disqualified from applying to pay filing fees in installments, while under subdivision (b)(3) any debtor who applies to pay filing fees in installments *must postpone all future payments to both attorneys and petition preparers* until the filing fees are paid in

4

full.

Absent such a plain reading, there is no way to read Rule 1006 consistent with the Advisory Committee Notes regarding the 1997 amendments of Official Form 3, which expressly state "that a debtor is not disqualified from paying the filing fee in installments because the debtor has paid money to a bankruptcy petition preparer." The Court's reading of Rule 1006 is also consistent with the 2005 Advisory Committee Notes regarding Interim Bankruptcy Rule 1006. The interim rule incorporates amendments to both subdivision (b)(1) and (b)(3). The 2005 Advisory Committee Notes explain the purpose for the changes to subdivision (b)(3):

> Subdivision (b)(3) is amended in conformance with the changes to (b)(1) to reflect the 2005 amendments. The change is meant to clarify that (b)(3) refers to payments made after the debtor has filed the bankruptcy case and after the debtor has received permission to pay the fee in installments. Otherwise, the subdivision may conflict with [the] intent and effect of the amendments to subdivision (b)(1).

In short, the amendments found in the interim rule and the 2005 Advisory Committee Notes provide further indication that the version of Rule 1006 applicable to cases filed prior to October 17, 2005, only prohibits payments to petition preparers made "after the debtor has received permission to pay the fee in installments."

CONCLUSION

For the foregoing reasons, the United States Trustee's motion (Docket #5) for an order requiring disgorgement of petition preparer fees is denied.

IT IS SO ORDERED

_____
Arthur I. Harris
United States Bankruptcy Judge